**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KATHARINE MORLING, an individual

                    Plaintiff,

         v.

THE MICHAELS COMPANIES, INC., a Delaware
Corporation, MICHAELS STORES, INC., a Texas
corporation, MICHAELS STORES
PROCUREMENT COMPANY, INC., a Texas
corporation, and DOES 1-10, inclusive,

                    Defendants.

23-CV-08240 (VSB)


**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO DISMISS THE COMPLAINT**

# TABLE OF CONTENTS

**Page**

SUMMARY OF THE ARGUMENT ................................................................................1

STATEMENT OF FACTS ...........................................................................................4

ARGUMENT ...........................................................................................................6

I.    ALL CLAIMS IN THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER "GROUP PLEADING" IN VIOLATION OF RULE 8 ...............................................................................6

II.    THE CLAIMS AGAINST MCI AND MSPC SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE ......................................................................8

III.    ALL COUNTS IN THE COMPLAINT SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ...............................................................9

    A.    The Complaint Fails to State a Claim for Direct Copyright Infringement ...........10

        1.    The Copyright Infringement Claims Should Be Dismissed Due to Morling's Failure to Comply with § 411(a)'s Registration Requirements ................10

        2.    The Complaint Does Not Adequately Allege That Morling Owns Valid Copyrights.............................................................................................13

        3.    The Complaint Suggests That the Asserted Copyrights Are Invalid as Merely the Idea of Sculpting "Real-World Object[s]" in Ceramics ..........14

        4.    The Complaint Does Not Adequately Allege Copyright Infringement .....15

            a.    The Complaint Does Not Adequately Allege That Any Defendant Actually Copied Any Asserted Work .............................................16

            b.    The Complaint Shows That There is No Substantial Similarity in Any *Protectable* Elements of the Asserted Works .........................18

    B.    The Complaint Fails to State a Claim for Vicarious Infringement or Contributory Infringement........................................................................................................19

    C.    The Complaint Fails to State a Claim for CMI Removal or Providing False CMI ....................................................................................................................21

    D.    The Complaint Fails to State a Claim for Trade Dress Infringement ...................22

CONCLUSION.........................................................................................................25

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abdin v. CBS Broad. Inc.*,
 971 F.3d 57 (2d Cir. 2020) ............................................................................15

*Arista Records, LLC v. Doe 3*,
 604 F.3d 110 (2d Cir. 2010) ..........................................................................17

*Arista Recs. LLC v. Lime Grp. LLC*,
 784 F. Supp. 2d 398 (S.D.N.Y. 2011)............................................................20

*Arista Recs. LLC v. Usernet.com, Inc.*,
 633 F. Supp. 2d 124 (S.D.N.Y. 2009) ............................................................20

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..........................................................................................6

*Atuahene v. City of Hartford*,
 10 Fed. Appx. 33 (2d Cir. 2001) ......................................................................7

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*,
 902 F.2d 194 (2d Cir. 1990) .............................................................................8

*Bell Atl. Cop. v. Twombly*,
 550 U.S. 554 (2007)..........................................................................................6

*Bernheim v. Litt*,
 79 F.3d 318 (2d Cir. 1996) ...............................................................................9

*Bubble Genius LLC v. Smith*,
 239 F. Supp. 3d 586 (E.D.N.Y. 2017) ...........................................................22

*Caraway Home, Inc. v. Pattern Brands, Inc.*,
 No. 20-CV-10469, 2021 WL 1226156 (S.D.N.Y. Apr. 1, 2021) ...................23

*Clanton v. UMG Recordings, Inc.*,
 556 F. Supp. 3d 322 (S.D.N.Y. 2021) ...........................................................16

*Conley v. Gibson*,
 355 U.S. 41 (1956)............................................................................................9

*Christian Louboutin S.A. v. Yves St. Laurent Am. Holding, Inc.*,
 696 F.3d 206 (2d Cir. 2012)......................................................................24, 25

**C**ASES—**CONT.**

*Croak v. Saatchi & Saatchi, N. Am., Inc.*,
  174 F. Supp. 3d 829 (S.D.N.Y. 2016) ...........................................................................18

*Crowley v. Jones*,
  608 F. Supp. 3d 78 (S.D.N.Y. 2022) ........................................................................21, 22

*Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*,
  722 F.3d 81 (2d Cir. 2013) ...........................................................................................8

*Eliya, Inc. v. Steven Madden, Ltd.*,
  749 Fed. Appx. 43 (2d Cir. 2018) ...............................................................................23

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*,
  756 F. Supp. 2d 1352 (N.D. Fla. 2010) ......................................................................21

*Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) .....................................................................................................19

*Ferguson v. NBC, Inc.*,
  584 F.2d 111 (5th Cir. 1978) .......................................................................................16

*Ferro v. Ry. Express Agency, Inc.*,
  296 F.2d 847 (2d Cir. 1961) ...........................................................................................7

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*,
  139 S. Ct. 881 (2019)......................................................................................10, 11, 12

*Gaste v. Kaiserman*,
  863 F.2d 1061 (2d Cir. 1988) ......................................................................................16

*GeigTech E. Bay LLC v. Lutron Elecs. Co.*,
  352 F.Supp.3d 265 (S.D.N.Y. 2018) ...........................................................................25

*Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*,
  443 F.2d 1159 (2d Cir. 1971) ......................................................................................20

*Hart v. Dan Chase Taxidermy Supply Co.*,
  86 F.3d 320 (2d Cir. 1996) ..........................................................................................15

*Hartmann v. Amazon.com, Inc.*,
  No. 20 CIV 4928 (PAE), 2021 WL 3683510 (S.D.N.Y. Aug. 19, 2021) .........................20

*Herzog v. Castle Rock Entm't*,
  193 F.3d 1241 (11th Cir. 1999) ...................................................................................16

CASES—CONT.

*Int'l Diamond Imp., Inc. v. Oriental Gemco (N.Y.), Inc.*,
    64 F.Supp.3d 494 (S.D.N.Y. 2014) ..................................................................25

*Itar-Tass Russian New Agency v. Russian Kurier, Inc.*,
    153 F.3d 82 (2d Cir. 1998) ..........................................................................13

*IUE AFL-CIO Pension Fund v. Herrmann*,
    9 F.3d 1049 (2d Cir. 1993) ..........................................................................9

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Rocth, Inc.*,
    58 F.3d 27 (2d Cir. 1995) ..........................................................................23

*Jorgenson v. Epic/Sony Recs.*,
    351 F.3d 46 (2d Cir. 2003) ..........................................................................16

*Knitwaves, Inc. v. Lollytags Ltd.*,
    71 F.3d 966 (2d Cir. 1995) ..........................................................................18

*Kregos v. Associated Press*,
    937 F.2d 700 (2d Cir. 1991) ..........................................................................15

*Lahiri v. Univ. Music & Video Distrib., Inc.*,
    513 F. Supp. 2d 1172 (C.D. Cal. 2007) ......................................................13

*L'Europeene de Banque v. La Republica de Venezuela*,
    700 F. Supp. 114 (S.D.N.Y. 1988) ................................................................9

*Lipton v. Nature Co.*,
    71 F.3d 464 (2d Cir. 1995) ..........................................................................16

*MacDermid, Inc. v. Defter*,
    702 F.3d 725 (2d Cir. 2012) ..........................................................................8

*Malden Mills, Inc. v. Regency Mills, Inc.*,
    626 F.2d 1112 (2d Cir. 1980) ........................................................................18

*Mana Prods., Inc. v. Columbia Cosms. Mfg., Inc.*,
    65 F.3d 1063 (2d Cir. 1995) ..........................................................................22

*MGM Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005) ......................................................................................20

*Michael Grecco Prods. v. Time USA, LLC*,
    2021 WL 3192543 (S.D.N.Y. July 27, 2021) ................................................22

Cases—cont.

*Mills v. Polar Molecular Corp.*,
  12 F.3d 1170 (2d Cir. 1993) .................................................................9

*Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*,
  601 F. Supp. 2d 556 (S.D.N.Y. 2009) ...................................................24

*Park v. Skidmore, Owings & Merrill LLP*,
  2019 WL 9228987 (S.D.N.Y. Sept. 30, 2019) .............................21, 22

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010) ...................................................................18

*Plusgrade L.P. v. Endava Inc.*,
  Case No. 1:21-cv-1530 (MKV), 2023 WL 2402879 (S.D.N.Y. Mar. 8, 2023)...............7, 8

*Prince v. Madison Square Garden*,
  427 F. Supp. 2d 372 (S.D.N.Y. 2006) ...........................................17, 18

*Qualitex Co. v. Jacobson Prods. Co., Inc.*,
  514 U.S. 159 (1995) .............................................................................24

*Repp v. Webber*,
  132 F.3d 882 (2d Cir. 1997) .................................................................16

*R.F.M.A.S., Inc. v. So*,
  619 F. Supp. 2d 39 (S.D.N.Y. 2009) ....................................................23

*Rosenshine v. A. Meshi Cosms. Indus. Ltd.*,
  2020 WL 1914648 (E.D.N.Y. Mar. 30, 2020)......................................23

*Sara Designs, Inc. v. A Classic Time Watch Co. Inc.*,
  234 F. Supp. 3d 548 (S.D.N.Y. 2017) ...........................................24, 25

*Saregama India Ltd. v. Mosley*,
  635 F.3d 1284 (11th Cir. 2010) ...........................................................13

*Spinelli v. Nat'l Football League*,
  903 F.3d 185 (2d Cir. 2018) .................................................10, 19, 20

*Stratchborneo v. Arc Music Corp.*,
  357 F. Supp. 1393 (S.D.N.Y. 1973) .....................................................16

*Williams v. Calderoni*,
  No. 11 Civ. 3020 (CM), 2012 WL 691832 (S.D.N.Y. Mar 1, 2012)...........................17, 18

Cases—cont.

*Yurman Design, Inc. v. PAJ, Inc.*,
    262 F.3d 101 (2d Cir. 2001) ..............................................................10, 13, 15

*Zalewski v. Cicero Builder Dev., Inc.*,
    754 F.3d 95 (2d Cir. 2014) ...........................................................................18

## U.S. Codes

15 U.S.C. § 1125(a) ..............................................................................................22

17 U.S.C.
    § 101 .........................................................................................................11, 12
    § 102(b) ...............................................................................................15, 18, 19
    § 104(c) ..........................................................................................................14
    § 106 ..............................................................................................................10
    § 201(a) ..........................................................................................................13
    § 201(d) ..........................................................................................................13
    § 202 ..............................................................................................................13
    § 410(c) .....................................................................................................10, 13
    § 411(a) ...............................................................................10, 11, 12, 13, 20
    § 501(b) ..........................................................................................................10
    § 1202(a) ........................................................................................................21
    § 1202(b) ........................................................................................................21

28 U.S.C. § 1400(a) ...............................................................................................8

## Rules

Fed. R. Civ. P.
    8 .......................................................................................................................6
    12(b)(2) ..................................................................................................1, 8, 25
    12(b)(3) ......................................................................................................1, 25
    12(b)(6) ................................................................................................1, 6, 9, 25

Defendants The Michaels Companies, Inc. (hereafter "MCI"), Michaels Stores, Inc. (hereafter "MSI"), and Michaels Stores Procurement Company, Inc. (hereafter "MSPC") (collectively, "Defendants") respectfully move pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6), Fed. R. Civ. P., for this Court to dismiss the Complaint (Doc. 1) against them filed by Plaintiff Katharine Morling (hereafter "Morling" or "Plaintiff"). As set forth herein, the Court lacks personal jurisdiction over MCI and MSPC, venue is improper with respect to MCI and MSPC, and the Complaint fails to state a plausible cause of action against the Defendants.

## SUMMARY OF THE ARGUMENT

The Complaint fails to show that Morling has any protectable rights under the Copyright Act or the Lanham Act. The Complaint goes to great lengths to obscure the truth, but upon a close inspection of the images and allegations provided it is clear that the Complaint does no more than assert that Morling believes her artistic *style* has been copied. But artistic style is not protectable under U.S. copyright or trademark laws. To accomplish this sleight-of-hand, the Complaint includes images of *different* sculptural works, but misrepresents them as a single "work".

Morling, a current resident of England, is an artist who creates ceramic sculptures of everyday items. Compl. ¶¶ 5, 12-15. Beyond that simple allegation, the Complaint presents a shell-game of shifting and changing allegations, and conclusory assertions and legal conclusions which are contradicted by the factual matter included in the Complaint. One of the clearest examples of this relates to the purported "Camera Subject Sculpture". Compl. ¶ 15. After introducing it as a single "Sculpture," *ibid.*, it shows a *first* camera sculpture when introducing the idea that the asserted sculptures contain CMI, *id.* ¶ 29. Then when attempting to show that the accused camera product is an infringement, the Complaint compares it against *three (3) different* "camera sculptures," each different from each other and different from the first camera showing

1

CMI. *Compare* Compl. ¶ 29 ("camera 1" having a double line around the circumference of the "lens" portion closest to the body, absence of measurement marks on the lens portion, and fewer black lines on the lens portion) *with id.* ¶ 34 p.8 (showing a *second* camera on top of a *third* camera, with noticeable differences in measurement markings on the lens portion, different "strap" portions, and different portions on top reflecting a portion to receive a light (for a flash)) *and id.* ¶ 34 p.9 (showing a *fourth* camera having a "stitching" appearance on the strap which is not present on any other cameras, and a large black region at the top which does not match the other cameras, and lacking the lever on the right side for winding the film).



The Complaint takes great care to avoid the truth and obfuscate. Morling, an accomplished artist, creates *unique* sculptures. She has created many *different* sculptures depicting "real-world object[s]." In so doing, each of those *separate* and *unique* sculptural works will still appear similar, but only in that they are different expressions of the same, or a similar, "real-world object". The Complaint furthers this misrepresentation by alleging that "Defendants have copied numerous *individual sculptures* from Morling's collections" and then purports to provide "non-inclusive exemplars of the [allegedly] Infringing Sculptures alongside *the individually identified* Subject Sculptures for comparison." Compl. ¶ 33 (emphasis added). But the Complaint then compares *individual* accused products against *several* of "Morling's" sculptures, attempting to draw comparisons to the *different* "Subject Sculptures" of "real-world object[s]," and trying to suggest similarities to the *different* "Subject Sculptures" as if the group was a single work. *See* Compl. ¶ 34 (table for "Camera"); *id.* ¶ 67 (table for "Scissor").

The asserted works are sculptures of "real-world object[s]." Compl. ¶ 15. So too are the accused products sold by MSI—but while some are 3-dimensional décor products depict similar "real-world object[s]" as some of the asserted sculptures, others are merely 2-dimensional *images* of similar "real-world object[s]" printed on a flat surface, *see* Compl. ¶ 49 (p.13) (accused "color your world" paint brushes), *id.* ¶ 52 (accused yarn-and-needles image), *id.* ¶ 60 (p.17) (accused "stay sharp" colored pencils), *id.* ¶ 64 (accused "one stitch at a time" image).

The Complaint provides no plausible cause of action against any Defendant for any violation of the Copyright Act or the Lanham Act. There is no articulation of what act any specific Defendant is accused of taking, rendering the Complaint an improper "group pleading." The asserted works are not registered, and there is no factual basis to save the complaint from its failure to register the works before commencing this action. Further, the Complaint does not provide a

3

basis to establish that *Morling herself* is the owner of the asserted copyrights (or even just one exclusive right in each).  The Complaint fails to establish actual copying, or even access to the *specific* asserted works.

The Complaint fails to show any similarity other than in the general idea and concept of depicting similar "real-world object[s]"—an insufficient basis for copyright infringement. The Complaint also fails to establish secondary liability for any Defendant and does not even attempt to establish the necessary elements for either a claim for vicarious infringement or contributory infringement.  The Complaint fails as a matter of law in establishing a violation of the DMCA because the accused works are objectively new works, which cannot give rise to either a claim for CMI "removal" or falsification of CMI.  Finally, the Complaint does not identify any protectible trade dress, again seeming to incorrectly assert that artistic *style* is capable of protection under the Lanham Act, without ever articulating the supposed unregistered trade dress.

Separately, the Complaint fails to establish personal jurisdiction and venue over MCI and MSPC in this Court.  As set forth in the attached declarations of Seth Rasmussen, those corporate entities are not subject to person jurisdiction in New York and this District is an improper venue.

## STATEMENT OF FACTS

Morling, a current resident of England, is an artist who creates ceramic sculptures of everyday items.  Compl. ¶¶ 5, 12-15 ("Each sculpture depicts a real-world object through an artistic expression").  Beyond those simple allegations, the Complaint only conclusorily asserts various alleged causes of action without identifying, *inter alia*, the basis for any protectable right or the basis of infringement. The Complaint purports to assert that the copyright in eleven (11) *specific* ceramic sculptures were infringed: (1) the "Camera" work; (2) the "Pot" work; (3) the "Ball of Wool" work; (4) the "Scissor" work; (5) the "Pencil" work; (6) the "Pencils in a Pot" work"; (7) the

"Tube of Paint" work; (8) the "Paint Mixing Pallet" work; (9)[1] the "Paint Brushes" work; (10) the "Measuring" work; and (11) the "Sewing Machine" work." Compl. ¶ 15. But reviewing the images reflects that the Complaint asserts groups of similar items as being a single work. *See, e.g.*, Compl. ¶ 34 (camera); *id.* ¶ 49 (paint brushes); *id.* ¶ 56 (rulers); *id.* 60 (pencils); *id.* ¶ 67 (scissors).

Morling has not registered any of the asserted works. Further, the Complaint does not identify where and how each of the *specific* asserted works was published. The Complaint states only that Morling's works *in general* have been publicly displayed in various galleries and that *certain* of her works have been sold—but even those allegations do not make clear if the *specific* works asserted were ever sold, particularly as there is only a single sculpture of each specific work Morling creates. *See* Compl. ¶¶ 12, 19, 24, 29, 35, 46, 50, 53, 57, 61, 65, 68, 71.

The Complaint only conclusorily alleges similarity in the asserted and accused works, but the articulated similarities are based on the "real-world object[s]" depicted, rather than artistic expression of each. *See* Compl. ¶¶ 36-39, 41-44, 47-48, 51, 54, 58-59, 62-63, 66, 69, 73. But review of the attached images show no similarity in *expression* exists between the works. *See* Compl. ¶¶ 34, 40, 45, 49, 52, 56, 60, 64, 67, 70. Similarly, the Complaint only assets general and non-specific unregistered trade dress, *see* Compl. ¶¶ 21, 23, 37, 42, 44, 48, 54, 58, 73, 98, 102, without identifying secondary meaning, *see id.* ¶¶ 20, 22-25, 34, 74, 100-101.

As set forth in the attached declaration of Seth Rasmussen on behalf of MCI (attached as Exhibit A, "MCI Decl.") and his second declaration on behalf of MSPC (attached as Exhibit B, "MSPC Decl."), MCI is a Delaware corporation with its principal place of business in Irving, Texas. MCI Decl. ¶ 2. MSPC is also a Delaware corporation with its principal place of business

---

[1] The Complaint double counts work "8" in paragraph 15 resulting in eleven (11) sculptural works instead of ten (10).

in Irving, Texas.  MCI Decl. ¶ 4; MSPC Decl. ¶ 2.  MCI is a holding company, MSI is one of its subsidiaries, and MSPC is one of MSI's subsidiaries; MCI, however, is not directly involved in the business of advertising or selling products, and has never sold or advertised any of the products identified as allegedly infringing the asserted works.  MCI Decl. ¶¶ 2, 6.  MSPC is a subsidiary of MSI, and while MSI operates retail stores, MSPC's business involves sourcing of products for MSI and distributing such products to MSI—not to the public.  MSPC Decl. ¶¶ 3-4.  MSPC has not advertised or sold any of the allegedly infringing products in the State of New York.  MSPC Decl. ¶ 6.

Each of MCI, MSI, and MSPC are separate and distinct corporate entities, and are not agents of one another.  MCI Decl. ¶¶ 8-11; MSPC Decl. ¶¶ 8-10.  The allegations in the Complaint relates only to products advertised and sold by MSI online and in retail stores—not to acts performed by or for MCI or MSPC.  *See* MCI Decl. ¶¶ 2-11; *see also* MSPC Decl. ¶ 2-10.

## ARGUMENT

### I.  ALL CLAIMS IN THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER "GROUP PLEADING" IN VIOLATION OF RULE 8.

Morling's Complaint should be dismissed pursuant to Rule 12(b)(6) for improper "group pleading" in violation of Rule 8, Fed. R. Civ. P.  To survive a Rule 12(b)(6) motion "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Cop. v. Twombly*, 550 U.S. 554, 570 (2007)).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ibid.* (citing *Twombly*, 550 U.S. at 556).  And although Rule 8, Fed. R. Civ. P., "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the

plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)).  A complaint fails to give fair notice when it "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct." *Ibid.*  "Such a deficient pleading is called improper 'group pleading.'" *Plusgrade L.P. v. Endava Inc.*, Case No. 1:21-cv-1530 (MKV), 2023 WL 2402879, *3 (S.D.N.Y. Mar. 8, 2023).

Though the Complaint identifies three (3) distinct corporate entities as defendants, it then refers to all three (3) as "Michaels" throughout the Complaint.  *See* Compl. ¶¶ 6-8, 11.  The Complaint also includes ten (10) additional "Doe" parties, "who have infringed Morling's copyrights, have contributed to the infringement of Morling's copyrights, or have engaged in one or more of the wrongful practices alleged herein." *Id.* ¶ 9.  As used in the Complaint, "Defendants" refers to all three (3) corporate entities improperly grouped as "Michaels" as well as the additional ten (10) "corporate, individual or otherwise" "Doe" parties.  *Ibid.*

The Complaint impermissibly groups these thirteen (13) entities and/or individuals together throughout the Complaint under the improper designation of "Defendants" so as to avoid identifying what any particular Defendant is alleged to have done.  *See, e.g.*, Compl. ¶ 17 ("Each of the Subject Sculptures were copied and/or reproduced by Defendants without Morling's authorization or consent."); *id.* ¶ 30 ("Upon information and belief, Morling alleges that Defendants, and each of them, had access to the Subject Sculptures, including through Morling's online profiles and features, publications and articles featuring Morling's Subject Sculptures, Morling's social media accounts, numerous exhibitions featuring Morling's the [*sic*] Subject Sculptures, and/or through viewing the Subject Sculptures on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.)."); *id.* ¶ 31 ("Yet Defendants, including the individual

Defendants, copied, reproduced, displayed and distributed Morling's Subject Sculptures."); *id.* ¶ 33 ("Defendants have copied numerous individual sculptures from Morling's original collections as previously discussed herein.").

Because there is no identification of what act is alleged to have been performed by any specific Defendant—a term that includes three (3) corporate entities and ten (10) "DOE" parties— the Complaint is an improper "group pleading" in violation of Rule 8. This Court should dismiss the Complaint pursuant and require it to be repleaded, with a clear articulation of what each Defendant is alleged to have done. *See Plusgrade*, 2023 WL 2402879, at *3.

## II. THE CLAIMS AGAINST DEFENDANTS MCI AND MSPC SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE.

Defendants MSI and MSPC are not subject to personal jurisdiction in this Court and this District is an improper venue for any claims as to those entities. On a Rule 12(b)(2), Fed. R. Civ. P., motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *MacDermid, Inc. v. Defter*, 702 F.3d 725, 727 (2d Cir. 2012). The plaintiff's burden "varies depending on the procedural posture of the litigation." *Dorchester Fin. Secs., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)) (internal quotation marks omitted). Additionally, the copyright venue statute provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant of his agent resides or may be found." 28 U.S.C. § 1400(a).

The Complaint fails to establish personal jurisdiction over either MCI or MSPC in New York and fails to establish that venue as to MCI and MSPC is proper. The only basis for jurisdiction appears to be the offering and selling of accused goods through an MSI retail store located at 675 Avenue of the Americas in New York—acts that are not performed by, overseen by, or controlled

by MCI or MSPC.  *See* MCI Decl. ¶¶ 2-11; *see also* MSPC Decl. ¶¶ 2-10.   The Complaint does not even attempt to articulate a separate basis for personal jurisdiction or venue as to MCI and MSPC, it merely lumps all "Defendants" together for pleading purposes, despite the three (3) currently identified Defendants being separate and distinct entities.  *See supra*, §I; *see also* MCI Decl. ¶¶ 9-11; MSPC Decl. ¶¶ 9-10.  This is improper.  *See supra*, §I.

As set forth in the declarations of MCI and MSPC, neither of those entities has offices in New York, and neither advertises or sells the accused products.  *See* MCI Decl. ¶¶ 2-11; *see also* MSPC Decl. ¶¶ 2-10.  Further, those entities are separate and distinct from MSI—which operates the identified retail store in New York—but neither MCI nor MSPC supervise or direct the activities of MSI.  *See* MCI Decl. ¶¶ 2-11; *see also* MSPC Decl. ¶¶ 2-10.  The Complaint fails to establish any basis for subjecting MCI or MSPC to personal jurisdiction in New York and fails to establish any basis for venue being proper in this District.  Accordingly, the claims against MCI and MSPC should be dismissed.

**III.    ALL COUNTS IN THE COMPLAINT SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

In reviewing a 12(b)(6) motion, the court must "accept as true the factual allegations in the complaint, drawing all inferences in favor of the pleading."  *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 117 (2d Cir. 1993) (citing *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993)).   However, "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness."  *L'Europeene de Banque v. La Republica de Venezuela*, 700 F. Supp. 114, 122 (S.D.N.Y. 1988).  The complaint may only be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1956); *accord Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996).

### A.    The Complaint Fails to State a Claim for Direct Copyright Infringement.

The Court should dismiss Count I of the Complaint because Morling has failed to adequately allege a claim against any Defendant for copyright infringement.  "To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'"  *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001)). When a work is timely registered in the United States Register of Copyrights, there is "a statutory presumption" that a valid copyright exists.  *Yurman*, 262 F.3d at 109; *see also* 17 U.S.C. § 410(c). Here, however, none of Morling's works are registered.

The Complaint fails to establish compliance with the Copyright Act's registration requirement.  It fails to establish Morling's ownership of valid copyrights.  It fails to establish what alleged works are being asserted.  It fails to establish actual copying of any of the asserted works, including that any Defendant ever had access to any specific asserted work.  And it fails to establish any substantial similarity in any protectable expressions, relying instead only on similarity in common subject matter, i.e., the "real-world object[s]" depicted in the sculptures.

### 1.    The Copyright Infringement Claims Should Be Dismissed Due to Morling's Failure to Comply with § 411(a)'s Registration Requirement.

Count I of the Complaint (as well as Count II) should be dismissed because the Complaint does not allege or demonstrate that Morling has complied with the Copyright Act's registration requirement, 17 U.S.C. § 411(a).  "The Copyright Act entitles a copyright owner to institute a civil action for infringement of th[e] exclusive rights" set for in 17 U.S.C. § 106.  *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (citing 17 U.S.C. § 501(b)). "Before pursuing an infringement claim in court, however a copyright claimant generally must comply with §411(a)'s requirement that 'registration of the copyright claim has been made.'"  *Ibid.*

(quoting 17 U.S.C. § 411(a)).  Section 411(a) states: "Except for an action brought for a violation of the rights of the author under section 106A, and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

Here, the Complaint does not allege that any of the asserted works have been registered, and it does not provide copies of any registrations or registration numbers for any works.  Nor does the Complaint present any basis to presume that § 411(a)'s registration requirement does not apply. Section 411 requires registration of any "United States work," or else the claim must be dismissed. *Fourth Estate*, 139 S. Ct. at 892.  The Copyright Act defines a "United States work".  17 U.S.C. § 101.  If unpublished, a work is a United States work if "all the authors of the work are nationals, domiciliaries, or habitual residents of the United States."  *Ibid.*  If published, a work is a United States work if it was first published (A) in the United States; (B) simultaneously in the United States and in another treaty party or parties, whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States; (C) simultaneously in the United States and a foreign nation that is not a treaty party; or (D) in a foreign nation that is not a treaty party, and all of the authors of the work are nationals, domiciliaries, or habitual residents of the United States.  *Ibid.*

The Copyright Act defines "publication" as "the distribution of copies or phonorecords of a wok to the public by sale or other transfer of ownership, or by rental, lease, or lending."  *Ibid.* But it also specifies that "[a] public performance or display of a work does not of itself constitute a publication."  *Ibid.*  The Complaint does not identify "publication" of any of the asserted works and does not identify whether Morling is, or is not, a "national[], domiciliary[y], or habitual resident[] of the United States," as necessary to determine whether § 411(a) requires her to first

register the copyright in the asserted sculptures before an action may be filed.

The Complaint only describes that works were *displayed* at various galleries, and though sometimes describes that *display* as being "published," that is a legal conclusion that is contradicted by the factual descriptions provided in the Complaint.  For each of the "Subject Sculptures", the Complaint alleges the first act constituting a transfer of ownership—therefore the first "publication" as defined by the Copyright Act—as having occurred at United States stores, suggesting that each work is a United States work.  *See* Compl. ¶ 46 (mixing pallet work acquired for resale by Bergdorf goodman), ¶ 53 (ball of wool work sold in the Netherlands, Bergdorf Goodman, and Anthropologie), ¶ 57 (measuring work sold to gallery "in the Netherlands, Decorozon in New York, Bergdorf Goodman, and Anthoropologie), ¶ 61 (pencils and pens work in a pot *currently* being sold in the Netherlands and the United States), ¶ 65 (sewing machine work sold in United States at Bergdorf Goodman and Anthropologie), ¶ 68 (scissors work sold in the Netherlands and United States), ¶ 71 (paint work sold in the Netherlands and the United States).

The Complaint's allegations that the works were publicly displayed in galleries is, alone, insufficient, because the Copyright Act specifically excludes a public display from the definition of "publication" of the work, without more.  *See* 17 U.S.C. § 101.  Further, the Complaint only addresses that Morling *currently* resides in England (Compl. ¶ 5) but does not identify whether she is (or is not) a national, domiciliary, or habitual resident of the United States.

Morling has not complied with the registration requirement of § 411(a), has not presented any factual allegations to establish that she does not need to comply with that requirement, and has not provided factual allegations to determine whether she can be relieved from § 411(a)'s registration requirement.  As such, Count I (and Count II, *see infra*) should be dismissed.  *See Fourth Estate*, 139 S. Ct. at 892.

### 2. The Complaint Does Not Adequately Allege That Morling Owns Valid Copyrights.

The Complaint does not adequately allege that Morling owns valid copyrights in any of the works asserted in this action.  Morling did not register the asserted works, so she cannot rely on any statutory presumption to establish ownership of valid copyrights.  *See Yurman*, 262 F.3d at 109; *see also* 17 U.S.C. § 410(c).

Further, the Complaint does not provide any information to determine what law (in not U.S. law) might be applicable for determining if Morling is the owner of the copyright in the sculptures, or if those copyrights are owned by someone else.  *See Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2010) ("Initial ownership of a copyrighted work is determined by the laws in the work's country of origin.") (quoting *Lahiri v. Univ. Music & Video Distrib., Inc.*, 513 F. Supp. 2d 1172, 1176 n.4 (C.D. Cal. 2007)); *see also Itar-Tass Russian New Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 89-92 (2d Cir. 1998) (foreign law applies to determine copyright ownership of foreign works, but U.S. law applies to determine infringement issues).  If the sculptures are U.S. works, absent a signed transfer, Morling, as author, *might* own the copyrights, *see* 17 U.S.C. § 201(a), (d), but then the Complaint would need to be dismissed for her failure to register the works, *see id.* § 411(a); *see also supra*, III.A.1.  But the Complaint is clear that some of the sculptures Morling creates are "commissioned" specifically for certain entities, which can affect whether Morling, in fact, is the owner of the copyrights.

The Complaint conclusorily asserts that "Morling created and owns *the original sculptures* created in the exhibition, depicted below (collectively, 'Subject Sculptures')."  Compl. ¶ 15 (emphasis added).  But ownership of the object is not the same as owning the copyright in an artistic expression.  17 U.S.C. § 202 ("Ownership of a copyright, or of any of the exclusive rights under a copyright, is distinct from ownership of any material object in which the work is

embodied.").  Similarly, the Complaint includes a formulaic recitation that "Morling has complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Sculptures, which is covered under the Berne Convention."  Compl. ¶ 18.  But the Berne Convention does not grant any copyright rights in the United States, only the U.S. Copyright Act does.  *See* 17 U.S.C. § 104(c) ("EFFECT OF BERNE CONVENTION.—No right or interest in a work eligible for protection under this title may be claimed by virtue of, or in reliance upon, the provisions of the Berne Convention, or the adherence of the United States thereto.  Any rights in a work eligible for protection under this title that derive from this title, or other Federal or State statutes, or the common law, shall not be expanded or reduced by virtue of, or in reliance upon, the provisions of the Berne Convention, or the adherence of the United States thereto.").

The Complaint fails to adequately allege that Morling is the owner of the *copyrights* in the specific works asserted and fails to provide any factual allegations sufficient for the Court to draw reasonable inference that she owns valid copyrights.  Accordingly, Count I (and Count II) should be dismissed.

### 3.  The Complaint Suggests That the Asserted Copyrights Are Invalid as Merely the Idea of Sculpting "Real-World Object[s]" in Ceramics.

Morling's sculptures of "real-world object[s]", the conflation of her separate and distinct expressions of those objects into being a "single work", and the fact that the only similarity between the asserted works and accused works are based on the underlying "real-world object" that is the subject of the work, indicates that the copyrights in the asserted works are invalid as having been merged into the mere idea of the sculptures.   The Second Circuit has articulated the merger doctrine as:

> The fundamental copyright principle that only the expression of an idea and not the
> idea itself is protectable has produced a corollary maxim that even expression is not

14

> protected in those instances where there is only one or so few ways of expressing an idea that protection of the expression would effectively accord protection to the idea itself.

*Hart v. Dan Chase Taxidermy Supply Co.*, 86 F.3d 320, 322 (2d Cir. 1996) (quoting *Kregos v. Associated Press*, 937 F.2d 700, 705 (2d Cir. 1991)); *see also* 17 U.S.C. § 102(b) ("In no case does copyright protection . . . extend to any idea . . . .").

Here, the Complaint sets forth a theory that "infringement" occurs based on *any* expression of the idea of depicting the same "real-world object[s]" in ceramic form, merging the expression into the unprotectable idea. *See, e.g.*, Compl. ¶¶ 34, 40, 45, 49, 52, 56, 60, 64, 67, 70. Similarly, the Complaint sets forth *different expressions* of the same "real-world object" under the guise of being a single "work," further indicating that the asserted copyrights are merely the idea of the Morling's artistic style and medium, rather than any artistic expression of that idea. *See, e.g.*, Compl. ¶¶ 34, 49, 56, 60, 67. As such, the Complaint indicates that there is no valid copyright being asserted, merely the unprotectable idea of ceramic sculptures of "real-world object[s]", using black lines—and specifically different black lines—to show the features of those "real-world object[s]". Under these allegations, the asserted copyrights are invalid. *See Hart*, 86 F.3d at 322; *see also Kregos*, 937 F.2d at 705.

### 4.    The Complaint Does Not Adequately Alleged Copyright Infringement.

After establishing ownership of a valid copyright, to state a claim for copyright infringement "a plaintiff 'must demonstrate that: (1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's [work].'" *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (emphasis in original) (quoting *Yurman*, 262 F.3d at 110). The Complaint fails with respect to each element.

### a.   The Complaint Does Not Adequately Allege That Any Defendant Actually Copied Any Asserted Work.

The Complaint provides no *plausible* allegation that any Defendant actually copied the *specific* sculptural works asserted in this action.  Morling has not adequately alleged that any Defendant had access to any of the asserted works, and the Complaint reflects that there is no substantial similarity between the accused works and the asserted works in any protected elements. The only similarity is that the accused works relate to the same kinds of "real-world object[s]" that are depicted in the asserted sculptural works.  *See* Compl. ¶ 15.

"Because direct evidence of copying is seldom available, a plaintiff may establish copying circumstantially 'by demonstrating that the person had access to the copyrighted material' and that there are similarities between the two works that are 'probative of copying.'"  *Jorgenson v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003) (first quoting *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1249 (11th Cir. 1999); then quoting *Repp v. Webber*, 132 F.3d 882, 889 (2d Cir. 1997)). "Access must be more than a bare possibility and may not be inferred through speculation or conjecture."  *Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988).  Additionally, "if the works in question are 'so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access."  *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995) (quoting *Ferguson v. NBC, Inc.*, 584 F.2d 111, 113 (5th Cir. 1978)).  "To prove that similarities are striking, [a plaintiff] must demonstrate that such similarities are of a kind that can only be explained by copying, rather than by coincidence, independent creation, or prior common source."  *Stratchborneo v. Arc Music Corp.*, 357 F. Supp. 1393, 1403 (S.D.N.Y. 1973); *Clanton v. UMG Recordings, Inc.*, 556 F. Supp. 3d 322, 330 (S.D.N.Y. 2021) (same).

The Complaint's allegations are limited to two (2) paragraphs:

Upon information and belief, Morling alleges that Defendants, and each of them, had access to the Subject Sculptures, including through Morling's online profiles

> and features, publications and articles featuring Morling's Subject Sculptures, Morling's social media accounts, numerous exhibitions featuring Morling's the [*sic*] Subject Sculptures, and/or through viewing the Subject Sculptures on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.),

Compl. ¶ 30, and

> Upon information and belief Morling alleges that Defendants, and each of them, accessed the Subject Sculptures by, without limitation, viewing the Subject Sculpture as it was publicly displayed. Access is additionally evidenced by the Subject Sculpture's exact reproduction in the Infringing Sculptures,"

*id.* ¶ 79.

First, the Complaint shows and alleges that there was no "exact reproduction in the [allegedly] Infringing Sculptures." *See* (*id.* ¶¶ 34, 40, 45, 49, 52, 56, 60, 64, 67, 70.)  The similarities between the accused products and Morling's sculptures are not similarities in Morling's artistic expression, but in the fact that the "Subject Sculptures" are sculptures of everyday items, *see* (*ibid.*), and *some* of the accused products are home décor sculptures of everyday items, *see* (*id.* ¶¶ 34, 40, 45, 49, 56, 60, 67, 70), and *others* of the accused products merely contain 2-dimensional images of everyday items on a flat ceramic piece, *see* (*id.* ¶¶ 49, 52, 60, 64).

Second, the allegations are "upon information and belief," without providing factual information about access to the specific works.  While a plaintiff may plead facts alleged upon information and belief, "where the belief is based on factual information and makes the inference of culpability plausible," *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010), such allegations are only proper "if accompanied by a statement of the facts upon which the belief is founded," *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384-85 (S.D.N.Y. 2006) (internal quotation marks and citation omitted); *accord Williams v. Calderoni*, No. 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar 1, 2012) (finding pleadings based upon information and belief insufficient where plaintiff pointed to no information that would render his statements anything more than speculative claims or conclusory assertions).  Here, the Complaint provides

17

no more than general and conclusory assertions, insufficient to plead a cause of action "upon information and belief." *See Prince*, 427 F. Supp. 2d at 384-85; *see also Williams*, 2012 WL 691832, at *7.

The Complaint shows that the accused works are distinct from the asserted works and does not provide any basis to support an allegation that any Defendant had "access" to the asserted works. Therefore, the Complaint fails to state a plausible allegation of actual copying of any of the asserted works and fails to state a claim of direct copyright infringement.

> **b.    The Complaint Shows That There is No Substantial Similarity in Any *Protectable* Elements of the Asserted Works.**

"Substantial similarity" refers to a "similarity that exists between the protected elements of a work and another work." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 101 (2d Cir. 2014). "The standard test for substantial similarity between two items is whether an ordinary observer, unless he sets out to detect the disparities would be disposed to overlook them, and regard the aesthetic appeal as the same." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010). Applying this, courts look to whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Knitwaves, Inc. v. Lollytags Ltd.*, 71 F.3d 966, 1001 (2d Cir. 1995) (quoting *Malden Mills, Inc. v. Regency Mills, Inc.*, 626 F.2d 1112, 1113 (2d Cir. 1980)).

But only the *expression* embodied by a work is protectable, not the *idea* behind that expression. "Because ideas are not protectable under the Copyright Act, *see* 17 U.S.C. § 102(b), 'the similarity between two works must concern the expression of ideas, not the ideas themselves.'" *Croak v. Saatchi & Saatchi, N. Am., Inc.*, 174 F. Supp. 3d 829, 835 (S.D.N.Y. 2016) (quoting *Peter F. Gaito*, 602 F.3d at 67 ("This principle, known as the 'idea/expression dichotomy,' 'assures authors the right to their original expression, but encourages others to build freely upon

18

the ideas and information conveyed by a work.'") (quoting *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349-50 (1991))); *see also* 17 U.S.C. § 102(b) ("In no case does copyright protection . . . extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work.").

Here, there is no actionable similarity between the accused products and the asserted sculptures. The only similarity shown in the Complaint is that some of the accused products are 3-dimensional sculptures of similar "real-world object[s]" as some of the asserted sculptural works, *see* (*id.* ¶¶ 34, 40, 45, 49, 56, 60, 67, 70), while other accused products are merely 2-dimensional *images* of similar "real-world object[s]," *see* (*id.* ¶¶ 49, 52, 60, 64). The Complaint's allegations fail to identify any specific expression that was copied, and shifts between *different* expressions of various "real-world object[s]" to obscure the lack of any similarity.

Accordingly, the Complaint fails to set forth a plausible claim of copyright infringement of any specific work—or even sufficiently allege which *specific* work(s) are allegedly infringed. The works are not registered, and so the specifically asserted works cannot be determined, it cannot be determined if Morling owns the copyrights, and there is no factual basis to support claims of infringment. As such, Count I should be dismissed.

### B.     The Complaint Fails to State a Claim for Vicarious Infringement or Contributory Infringement.

The Court should dismiss Count II of the Complaint because Morling has not adequately pleaded—or even genuinely attempted to plead—a claim for "Vicarious and/or Contributory Copyright Infringement". "A person 'infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.'" *Spinelli*, 903 F.3d at 197 (quoting *MGM*

*Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)).  "Without a showing of a direct copyright infringement, secondary liability cannot be maintained."  *Ibid.* (citing *Grokster*, 545 U.S. at 930).

"Once a direct infringement claim by a third-party is established, a defendant 'may be held liable for contributory copyright infringement if, with knowledge of the infringing activity, it materially contributes to the infringing conduct of' the third party."  *Hartmann v. Amazon.com, Inc.*, No. 20 CIV 4928 (PAE), 2021 WL 3683510, at *6 (S.D.N.Y. Aug. 19, 2021) (quoting *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 432 (S.D.N.Y. 2011)).  "The knowledge required is constructive, such that persons who 'know or have reason to know of the direct infringement' may be liable."  *Ibid.* (quoting *Arista Records*, 604 F.3d at 118).

A defendant may be vicariously liable for a third party's infringement "if he ha[s] the right and ability to supervise the [third party's] infringing activity and also has a direct financial interest in such activities."  *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971).  Vicarious liability "does not include an element of knowledge or intent on the part of the vicarious infringer," *Arista Recs. LLC v. Usernet.com, Inc.*, 633 F. Supp. 2d 124, 156 (S.D.N.Y. 2009), merely that the defendant "had the ability to supervise" the infringing activity, "failed to do so," and there was a "causal relationship" between the infringing activity and a financial benefit reaped by the defendant, *Arista Recs.*, 784 F. Supp. 2d at 435.

As addressed *supra*, §III.A.1-3, the Complaint fails to establish that Morling has complied with § 411(a)'s registration requirement and fails to establish that Morling owns valid copyrights.  Further, the Complaint fails to adequately allege direct copyright infringement.  Therefore, Count II, for vicarious and/or contributory copyright infringment necessarily also fails.  *See Spinelli*, 903 F.3d at 197 (citing *Grokster*, 545 U.S. at 930).

Moreover, rather than provide any allegations directed to vicarious or contributory liability,

the Complaint's sole allegations supporting these claims are "upon information and belief" while accusing "Defendants" of vicarious and/or contributory liability for "Defendants" alleged direct infringement.  *See* Compl. ¶¶ 86-87.  There are no specific allegations addressed to the required elements for either vicarious infringement or contributory infringement.

Accordingly, Count II should be dismissed for failing to state a plausible claim.

### C.    The Complaint Fails to State a Claim for CMI Removal or Providing False CMI.

Count III asserts two (2) different causes of action, alleging that "Defendants" removed CMI from the asserted works (an alleged violation under 17 U.S.C. § 1202(b)) and/or that "Defendants" added *false* CMI to the accused works (an alleged violation under 17 U.S.C. § 1202(a)).  Both of these causes of action fail as a matter of law based on the Complaint and should be dismissed.

"An action for removal of copyright management information requires the information to be removed from a plaintiff's product or original work."  *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1359 (N.D. Fla. 2010).  Consequently, where the CMI has not been affirmatively removed from the plaintiff's original work and where the allegations are that some of the work's elements are merely copied into a different form created by the defendant, there is no CMI violation under § 1202(b).  *See id.* at 1359.  Building on *Faulkner*, courts in this District have held that "where an allegedly infringing work is derivative to the original, a defendant does not violate the DMCA by printing his own name on the derivative work, even if the derivative work is an act of infringement."  *Crowley v. Jones*, 608 F. Supp. 3d 78, 90 (S.D.N.Y. 2022) (citing *Park v. Skidmore, Owings & Merrill LLP*, 2019 WL 9228987, at *11 (S.D.N.Y. Sept. 30, 2019)).

"In other words, a defendant 'cannot violate the DMCA by associating its name' with a derivative work that is 'unquestionably a distinct work,' even if the derivative work infringes a

copyright." *Ibid.* (quoting *Park*, 2019 WL 9228987, at *11); *accord Michael Grecco Prods. v. Time USA, LLC*, 2021 WL 3192543, at *5 (S.D.N.Y. July 27, 2021) ("a party that puts its own CMI on work distinct from work owned by a copyright holder is not liable under Section 1202(a), even if the party's work incorporates the copyright holder's work."). As the courts in both *Michael Grecco* and *Park* held, where a defendant creates a new work—even one that infringes the plaintiff's work—that defendant is not liable for *either* removal of CMI or falsification of CMI. *Michael Grecco*, 2021 WL 3192543, at *5; *Park*, 2019 WL 9228987, at *11.

The Complaint shows that the accused works are *new* and different works than the ones allegedly created by Morling. *See* Compl. ¶¶ 34, 40, 45, 49, 52, 56, 60, 64, 67, 70. Further, the Complaint only shows CMI on two (2) of the asserted works. *See* Compl. ¶ 52 (ball of wool); *id.* ¶ 56 (rulers). There are no factual allegations that CMI was "removed" from any of the asserted works, and it is not "false" CMI if the *distinct* accused works bear other CMI—even if infringement could be established. *See Michael Grecco*, 2021 WL 3192543, at *5; *see also Park*, 2019 WL 9228987, at *11. As such, the conclusory and non-specific allegations in the Complaint fail to establish a plausible claim under the DMCA. Accordingly, Count III should be dismissed.

### D.    The Complaint Fails to State a Claim for Trade Dress Infringement.

The Court should dismiss Count IV of the Complaint, alleging unregistered trade dress infringement under 15 U.S.C. § 1125(a), for failing to adequately state a plausible claim for relief. The term "trade dress" refers to "how a product looks, its total image, or its overall appearance" and is generally understood to mean "a product's composition and design, including size, shape, color, texture and graphics." *Mana Prods., Inc. v. Columbia Cosms. Mfg., Inc.*, 65 F.3d 1063, 1068 (2d Cir. 1995). But that protection does not extend to what is essentially an idea or concept. *See, e.g., Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586, 597 (E.D.N.Y. 2017) ("Courts are cautioned

against stifling competition by protecting an unregistered trade dress that is essentially an idea or concept."); *Jeffrey Milstein, Inc. v. Greger, Lawlor, Rocth, Inc.*, 58 F.3d 27, 29, 32 (2d Cir. 1995) (holding that trade dress law, much like copyright law, does not protect ideas, concepts or a generalized type of appearance, and denying trade dress claims on the pleadings based on "the idea of using die-cut photographs on greeting cards").

In the Second Circuit, a plaintiff asserting a trade dress infringement must "(1) offer a precise expression of the character and scope of the claimed trade dress; (2) allege that the claimed trade dress is non-functional; (3) allege that the claimed trade dress has secondary meaning; and (4) allege that there is a likelihood of confusion between the plaintiff's goods and the defendant's [good]." *R.F.M.A.S., Inc. v. So,* 619 F. Supp. 2d 39, 75 (S.D.N.Y. 2009) (quoting *Sherwood 48 Assocs. V. Sony Corp. of Am.,* 76 Fed. Appx. 389, 391 (2d Cir. 2003)). Further, "[i]t is well established that, even where a plaintiff attaches photographs of his or her trademark to the complaint, a plaintiff must still articulate the elements of their product design with specificity to be afforded trade dress protection, to satisfy the first element of a trade dress infringement claim." *Rosenshine v. A. Meshi Cosms. Indus. Ltd.*, 2020 WL 1914648, at *9 (E.D.N.Y. Mar. 30, 2020); *accord Eliya, Inc. v. Steven Madden, Ltd.*, 749 Fed. Appx. 43, 47 (2d Cir. 2018) (affirming dismissal where the photos of the claimed trade dress could not make up for a deficiency in plaintiff's precise expression of its distinctive features). The Complaint's failure to adequately plead each of these elements requires dismissal.

Here, the Complaint fails to allege the character and scope of the claimed trade dress. Instead, it improperly provides only a "laundry list" of elements constituting the product's design, *see* Compl. ¶ 21, without alleging *how* those elements are distinctive, *see, e.g.*, *Caraway Home, Inc. v. Pattern Brands, Inc.,* No. 20-CV-10469, 2021 WL 1226156, at *8 (S.D.N.Y. Apr. 1, 2021)

23

("In adequately pleading how one's trade dress is distinctive, a plaintiff must provide more than just 'a laundry list of the elements' that constitute its product design.")  (quoting *Nat'l Lighting Co., Inc. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009)); *Sara Designs, Inc. v. A Classic Time Watch Co. Inc.*, 234 F. Supp. 3d 548, 555 (S.D.N.Y. 2017) (rejecting trade dress that "merely contain[ed] a high level description of features of several watches, such as 'gradient chain,' 'lobster claw closure,' and 'leaf-shaped logo,' without allegations as to whether and how those features are distinctive").

Further, the Complaint fails to allege facts from which the Court can plausibly infer that the alleged trade dress is non-functional.  "The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature." *Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 164 (1995).  After alleging that "[e]ach sculpture depicts a real-world object through an artistic expression," Compl. ¶ 15, the Complaint addresses the functionality of the alleged trade dress elements only with conclusory statements that it, or they, are "non-functional," *see id.* ¶¶ 21, 23, 37, 42, 44, 48, 54, 58, 73, 98, 102.  The complete absence of anything other than conclusory pleading to explain why the alleged trade dress is non-functional requires dismissal of this count.

Further the only specific elements identified by the Complaint, Compl. ¶¶ 21, 73, are aesthetically functional and therefore ineligible for trade dress protection, *see Christian Louboutin S.A. v. Yves St. Laurent Am. Holding, Inc.*, 696 F.3d 206, 219 (2d Cir. 2012) ("A product feature is considered to be functional in a utilitarian sense if it is (1) essential to the use or purpose of the article, or if it (2) affects the cost or quality of the article.") (internal quotation omitted).  If an aesthetic feature satisfies both prongs of the traditional functionality

test, "the design feature is functional . . . and [the court's] inquiry ends." *Id.* at 220.

The Complaint also fails to establish secondary meaning.  When evaluating whether a trade dress has secondary meaning, courts consider several non-exclusive factors, including: "(1) advertising expenditures; (2) consumer studies linking the mark to a source; (3) unsolicited media coverage of the product; (4) sales success; (5) attempts to plagiarize the mark; and (6) length and exclusivity of the mark's use." *GeigTech E. Bay LLC v. Lutron Elecs. Co.*, 352 F.Supp.3d 265, 282 (S.D.N.Y. 2018) (citation omitted).  Plaintiff alleges no facts speaking to any of these factors, except for facts also addressed to Defendant's alleged copyright infringement, which goes to attempts to plagiarize.  *See, e.g.*, *Int'l Diamond Imp., Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F.Supp.3d 494, 523 (S.D.N.Y. 2014).  The Complaint provides only conclusory and general assertions, *see, e.g.*, Compl. ¶¶ 20, 22-25, 34, 74, 100-101, that are insufficient to plausibly allege secondary meaning, *see Sara Designs*, 234 F.Supp.3d at 555.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court dismiss Morling's Complaint pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6), Fed. R. Civ. P., and further request that the Court award Defendants such other and further relief the Court deems proper.

Dated: December 12, 2023
        Palm Beach Gardens, Florida

                                    MCHALE & SLAVIN, P.A.

                            By: */s/ Andrew D. Lockton*
                                    Andrew D. Lockton (*pro hac vice*)
                                    Edward F. McHale (*pro hac vice*)
                                    2855 PGA Boulevard
                                    Palm Beach Gardens, Florida 33410
                                    Telephone:    (561) 625-6575
                                    Facsimile:    (561) 625-6572

Email:        alockton@mchaleslavin.com
              emchale@mchaleslavin.com
              litigation@mchaleslavin.com

*Attorneys for Defendants The Michaels Companies, Inc., Michaels Stores, Inc., and Michaels Stores Procurement Company*