**McHALE & SLAVIN, P.A.**
ATTORNEYS AT LAW
U.S. & INTERNATIONAL PATENTS, TRADEMARKS, COPY[RIGHTS]
RELATED LICENSING & LITIGATION

2855 PGA BOULEVARD
PALM BEACH GARDENS • FLORIDA • 33410-29
TELEPHONE (561) 625-6575    FACSIMILE (561) 6[...]
palmbeach@mchaleslavin.com

August 9, 2024

> **MEMO ENDORSED**
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
> DATED: August 14, 2024
>
> The court will address this letter at the previously scheduled discovery conference on August 29, 2024.

*Via ECF*
The Honorable Valerie Figueredo
United States Courthouse
500 Pearl Street, Room 1660
New York, New York 10007

Re:  *Morling v. Michaels Stores, Inc. et al.*, Case No. 1:23-cv-08240-VSB
     **Discovery Dispute**

Dear Judge Figueredo:

Our firm represents Defendant Michaels Stores, Inc. ("MSI") and, pursuant to Local Civil Rule 37.2 and your Individual Rules, this letter addresses Plaintiff's objections to certain of MSI's First Request for Production of Documents (RFP's), and her non-compliance with the labeling requirement of Fed. R. Civ. P. 34, as to certain others. The Defendant respectfully requests a discovery conference regarding:

1) Plaintiff's refusal to correlate documents stated as having been produced, relating to **RFP Nos. 34-35, 40 and 43** and;

2) Plaintiff's refusal to produce documents responsive to **RFP Nos. 42, 45, 46 and 47**, (directed to elements necessary to Plaintiff's claim for unregistered trade dress infringement.)

**Plaintiff's Stated Position During Parties' Meet and Confer**:

1)   The Plaintiff takes the position that Rule 34(b)(2)(E)(i) does not require document correlation to specific requests here, because Plaintiff maintains that the documents have been produced as kept in the ordinary course of business.

2)   Plaintiff has stated that the refused RFP's are duplicative of other RFP's: Nos. 60, 62-65 and 67.

**I:   Certification of Compliance with this Court's Individual Rules:**

**Meet and Confer:** As to the subject matter addressed in this letter (and other matter), Defendant's counsel, Edward McHale and Andrew Lockton met and conferred with Plaintiff's counsel, Mackenzie Paladino, on May 9, 2024, in a telephone conference lasting 90 minutes. That "meet and confer" was completed on May 10, 2024, in a call lasting for 1-1/4 hours. On May 17, 2024, Plaintiff served Supplemental Responses to Defendant's First Requests for Production of Documents. While changing the Plaintiff's responses as to RFP Nos. 34-35, there was no material change to the previous responses to RFP Nos. 40, 42, 43, 45, 46, or 47. (Exhibit "A", attached, comprises excerpted pages of Plaintiff's May 17, 2024 Supplemental Responses).

On July 12, 2024, Plaintiff answered Defendant MSI's Interrogatories Nos. 1, 1a; 2, 2a; and 3, after initially objecting to them as violating Local Civil Rule 33.3 [1]. On July 12, 2024, the Plaintiff also supplemented her responses to RFP Nos. 40 and 43. These were initially objected to on the basis of Rule 33.3, inasmuch as the Requests were premised on the response to MSI's Interrogatory No. 1 (Exhibit "B", attached, is the excerpt of July 12, 2024 Supplemental Response for RFP's 40, 43). On July 12, 2024, undersigned requested Plaintiff's counsel to identify the documents which were responsive to RFP's No. 40 and 43. No response was received and, no additional documents have ever been served on the Defendant.

Following Judge Broderick's referral of discovery matters to your Honor, an additional telephone conference occurred with Plaintiff's counsel, Mackenzie Paladino and Scott Burroughs, on July 18, 2024, lasting for 35 minutes. That conference followed a July 17, 2024 email from undersigned, advising that this Court's Individual Rules contained an additional "meet and confer" element not required by Judge Broderick: to advise that matters on which the parties were at an impasse would be addressed to this Court.[2] In the July 18, 2024 telephone conference the discovery disputes for which the parties were at an impasse were revisited, and remained. Plaintiff's stated positions are shown above. MSI stated its intent to seek a discovery conference.

## II.   Discovery Needed by Defendant:

**RFP's 34-35**:

After initially stating that responsive documents would not be produced, the Plaintiff's Supplemental Response to Defendant's First RFP's stated that responsive documents had been produced. Correlation of those documents to the Requests is needed, since evidence showing access to the subject sculptures by UCP (RFP 34), and evidence showing that UCP reproduced such sculptures (RFP 35), is fundamental to Plaintiff's claims in Counts I–III of the Complaint. Defendant's counsel have reviewed all of the Plaintiff's document production to date (1,211 pages), but have been unable to discern any documents responsive to the above Requests.

**RFP's 40 and 43**: The Requests are directed to the non-functional nature of the Plaintiff's unregistered "trade dress," an element expressly required to be shown under 15 U.S.C. § 1125(a)(3). These RFP's seek evidentiary support for specific allegations of non-functionality. *See e.g.*, Complaint ¶¶ 21, 23, 37, 42, 44, 48, 54, 58, 73, 98, 102.

Defendant seeks correlation of any responsive documents produced. Prior to July 12, 2024, the Plaintiff's response to RFP's Nos. 40, 43 stated that she *". . . is unable to produce any responsive documents . . ."*. Ex. A (emphasis added). In her supplemental response on July 12, 2024, the Plaintiff stated that she *". . . has produced all responsive documents . . .* to this Request". Ex. B (emphasis added). Plaintiff's counsel provided no documents on, or after, July 12, 2024, and MSI's counsel's review of all documents provided so far discloses no documents which are

---

[1] A draft joint discovery dispute letter to Judge Broderick was first sent to Plaintiff's counsel on July 3, 2024, which became unnecessary to file.

[2] On July 17, 2024, following the request of Plaintiff's counsel, case authority was provided, addressed to the Rule 34 requirement to correlate document production to specific requests.

responsive to those Requests. During the July 18, 2024 "meet and confer", Plaintiff's counsel expressly refused to identify the documents responsive to those Requests.

Under Fed. R. Civ. P. 34(b)(2)(E)(i), "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]" "A party choosing to produce documents as maintained in the ordinary course of business 'bears the burden of demonstrating that the documents made available were in fact produced consistent with that mandate.'" *S.E.C. v. Collins & Aikman Corp.,* 255 F.R.D. 403, 409 (S.D.N.Y. 2009) (quoting *Pass & Seymour, Inc. v. Hubbell Inc.,* 255 F.R.D. 331, 334 (N.D.N.Y. 2008). A party must do more than merely represent to the court and the requesting party that the documents have been produced as they are maintained. *Pass & Seymour,* 255 F.R.D. at 334. The disclosing party must provide at least some information about how documents are organized in the party's ordinary course of business. *Id.* at 335.

MSI's need for the requested correlation is highlighted by Plaintiff's filing of a pleading contradictory to the one filed in this action. *See Morling v. UCP Int'l Co., Ltd., d/b/a UCP Group,* Case No. 24-cv-04081, ECF No. 1. A notice of related cases filed in that action correlates the operative complaints between that action, and this action, as having ". . . factual allegations and legal issues [that] are all but identical". *Id.*, ECF No. 8. Among other changes, that new complaint altered the "identification" of Plaintiff's alleged "trade dress" from what is stated in the Complaint in this action, creating material differences with the partial description in the current Complaint.

**RFP's 42 and 45**:

These Requests seek documents showing that the combination of elements identified in Plaintiff's response to Interrogatory No. 1 is "distinctive" as to the Plaintiff's subject sculptures, or subject sculpture collection. As with RFP Nos. 40 and 43, the Plaintiff objected on the basis that Defendant's Interrogatory No. 1 violated Local Rule 33.3 and, ". . . [t]herefore, Plaintiff is unable to produce any responsive documents to this Request." Given the fact that Plaintiff answered Interrogatory No. 1, on July 12, 2024, there is no basis to withhold production of these documents. Distinctiveness is an essential element of Plaintiff's claim of unregistered trade dress infringement, and Plaintiff bears the burden of establishing that element. *See Wal-Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 210 (2000). These are not duplicative to other RFP's.

**RFP's 46-47**:

These seek documents ". . . showing that the trade dress . . . identified in response to [Defendant's] Interrogatory No. 1, serves to identify the source of the [Plaintiff's sculptures]". The ability of the claimed protectable trade dress to serve as a source identifier is a critical element of the Plaintiff's burden of proof in establishing a violation of Count IV of the Complaint. *See, Geigtech E. Bay, Inc. v. Lutron Elecs. Co.,* 352 F. Supp. 3d 265, 282 (S.D.N.Y. 2018). As with RFP Nos. 40 and 43, the Plaintiff objected on the basis that Defendant's Interrogatory No. 1 violated Local Rule 33.3 and, ". . . [t]herefore, Plaintiff is unable to produce any responsive documents to this Request." The Plaintiff has now responded to Interrogatory No. 1, and her refusal to provide responsive documents hinders the Defendant's ability to defend against the claim in Count IV. These are not duplicative.

Sincerely,

MCHALE & SLAVIN, P.A.

*/s/ Edward F. McHale*
Edward F. McHale

EFM/ac