UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
 :
KATHARINE MORLING, :
 :
                                Plaintiff, :
 : 23-CV-8240 (VSB) (VF)
                  -against- :
 : **OPINION & ORDER**
THE MICHAELS COMPANIES, INC., :
MICHAELS STORES, INC., MICHAELS :
STORES PROCUREMENT COMPANY, :
INC., *and* DOES 1-10, :
 :
                               Defendants. :
 :
----------------------------------------------------------X

Appearances:

Mackenzie Paladino
Scott Burroughs
David Jenkins
Doniger / Burroughs
New York, NY
*Counsel to Plaintiff*

Andrew D. Lockton
Edward F. McHale
McHale & Slavin, P.A.
Palm Beach Gardens, FL
*Counsel to Defendants*

VERNON S. BRODERICK, District Judge:

      Katharine Morling, an award-wining artist, is suing Defendants The Michaels Companies, Inc. ("MCI"), Michaels Stores, Inc. ("MSI"), and Michaels Stores Procurement Company, Inc. ("MSPC," and together with MCI and MSI, "Michaels"), alleging that they infringed her copyright for several sculptures by copying, reproducing, and distributing them online and in their retail stores through the sale of designs "that are not made by Morling or

1

associated with Morling's brand." (Doc. 1 ("Complaint" or "Compl.") ¶¶ 15, 16, 27.) Before me is Michaels's motion pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Northern District of Texas. (Doc. 36 ("Motion to Transfer").) Because Michaels fails to demonstrate by clear and convincing evidence that transfer of this case to the Northern District of Texas is warranted, Michaels's Motion to Transfer is DENIED.

## I. Background and Procedural History

On September 18, 2023, Morling filed her Complaint against Michaels. (Compl.) On December 12, 2023, Michaels moved to dismiss the Complaint. (Doc. 18.) On January 9, 2024, Morling filed her opposition, (Doc. 25), and Michaels filed its reply on January 16, 2024, (Doc. 27).

On February 5, 2024, Michaels filed the instant Motion to Transfer, seeking to relocate the case to the Northern District of Texas. (Doc. 36.) Plaintiff opposed the Motion to Transfer on February 16, 2024, (Doc. 37), and Michaels replied on February 23, 2024, (Doc. 39).

On May 28, 2024, Morling filed a separate complaint against UCP International Co, Ltd., *see* Complaint, *Morling v. UCP International Co., Ltd.*, No. 24-CV-4081 (S.D.N.Y. May 28, 2024), ECF No. 1, ("*UCP International*"), followed by a statement of relatedness alleging that *UCP International* raised "factual allegations and legal issues [that] are all but identical" to the instant case. Statement of Relatedness, *UCP Int'l*, ECF No. 8. On June 3, 2024, I accepted the *UCP International* action as related to the instant case.

## II. Discussion

### A. *Legal Standard*

"For the convenience of parties and witnesses, in the interest of justice" a court may transfer a civil action to any district where the action "might have been brought." 28 U.S.C.

§ 1404(a). The "initial inquiry" in deciding a motion to transfer under Section 1404(a) is "whether the case could have been brought in the proposed transferee district." *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004).

After making that threshold determination, courts consider the following factors in deciding whether a transfer is warranted: "(1) the convenience of witnesses, (2) the convenience of the parties, (3) the locus of operative facts, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the location of relevant documents and the relative ease of access to sources of proof, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Invivo Rsch., Inc. v. Magnetic Resonance Equip., Corp.*, 119 F. Supp. 2d 433, 436 (S.D.N.Y. 2000) (citing, *inter alia*, *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998)).

"The burden of demonstrating the desirability of transfer rests with the moving party, and in considering the motion for transfer, a court should not disturb a plaintiff's choice of forum unless the defendants make a clear and convincing showing that the balance of convenience favors defendants' choice." *CAVU Releasing, LLC v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005) (internal quotation marks omitted).

### B.   *Application*

As an initial matter, it is undisputed that Morling could have filed this lawsuit in the Northern District of Texas, where Michaels is subject to personal jurisdiction, thereby satisfying the threshold inquiry. (Doc. 36 at 5–6.) Accordingly, Section 1404(a)'s first requirement is satisfied. I next move to the issue of whether transfer is appropriate, and I consider each of the above-referenced factors in turn.

1. **Convenience of Witnesses**

"The convenience of both party and nonparty witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) (internal quotation marks omitted). In assessing the convenience of witnesses, "a court must do more than merely compare the number of witnesses who reside in the current forum to the number located in the proposed transferee forum, but should instead assess the materiality, nature and quality of the testimony that the witnesses are likely to provide." *Capitol Recs., LLC v. VideoEgg, Inc.*, 611 F. Supp. 2d 349, 366 (S.D.N.Y. 2009). "The convenience of non-party witnesses is accorded more weight than that of party witnesses." *Indian Harbor Ins. v. Factory Mut. Ins.*, 419 F. Supp. 2d 395, 402 (S.D.N.Y. 2005).

"Typically in a copyright infringement action, the key witnesses are those individuals who were involved in the design, production, and sale of the allegedly infringing product." *Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 617 (S.D.N.Y. 2016). Here, the most important non-party witness is likely the individual in Hong Kong from whom Michaels purchased the purportedly infringing sculptures. (*See* Doc. 36 at 7; Rhodes Decl. ¶¶ 2, 8.)[1] Morling additionally intends on calling the first buyers of the copyrighted sculptures, all of whom reside in England. (Doc. 37 at 5.)

Morling points out that a transfer to Texas would increase the flight time and cost of airfare for the witnesses who reside abroad. (*Id.* at 5–6.) The marginal increase in flight time—two hours and change, (*id.*)—is relatively insignificant when compared to the total travel time from either England or Hong Kong. *See Krausz Indus., Ltd. v. Romac Indus., Inc.*, 719 F.

---

[1] "Rhodes Decl." refers to the declaration of Jason Rhodes, dated January 24, 2024. (Doc. 36, Ex. B.)

Supp. 2d 241, 244–45 (W.D.N.Y. 2010) (concluding that where international travel required "more than half a day's investment and a time change adjustment of at least seven hours" the "difference of two or three hours, either in travel or in time zone, is not particularly significant"). With regard to the cost of airfare, the snapshot of pricing information provided by Morling from Google Flights—where the tickets were booked only one month in advance, (Paladino Decl. ¶¶ 2–5)[2]—is not conclusive evidence of the travel costs the witnesses will incur if this suit is transferred. Nonetheless, Morling is correct that the Southern District of New York is slightly closer to the international non-party witnesses than the Northern District of Texas.

Morling also states that she intends to call unnamed corporate representatives from Anthropologie, Bergdorf Goodman, and Decorazan Gallery to testify about the widespread display and dissemination of her work. (Doc. 37 at 6.) Morling represents that these individuals all reside in New York. (*Id.*) Although Morling fails to provide information specifically identifying these individuals and their places of residence, I take judicial notice of the fact that all three companies have offices or headquarters in New York or relatively close to New York,[3] supporting Morling's assertion that the employees she seeks to call reside in or around this District. I will give limited weight to the convenience of these witnesses due to the lack of information about their identity. In sum, this factor weighs slightly against transfer.

---

[2] "Paladino Decl." refers to the declaration of Mackenzie Paladino, dated February 16, 2024. (Doc. 38.)
[3] *See Contact*, Decorazon, https://www.decorazongallery.com/contact (listing gallery location as 250 E Houston Street, New York, NY 10002); *Business Search of "Anthropologie, Inc."*, Pennsylvania Department of State, https://file.dos.pa.gov/search/business (listing registered office of URBN US Retail, LLC (2077901), formerly named Anthropologie, Inc., as 5000 S Broad Street, Philadelphia, PA 19112); *NMG*, Neiman Marcus Group, https://www.neimanmarcusgroup.com/home (noting that Bergdorf Goodman, which is part of Neiman Marcus Group, has been acquired by Saks Global); *Saks*, Saks Global, https://www.careersatsaks.com/us/en (listing Saks Global office location as 225 Liberty Street, New York, NY 10281).

### 2. Convenience of the Parties

The convenience of the parties is neutral. MCI, MSI, and MSPC all have their principal places of business in Irving, Texas. (Rasmussen MTD MCI Decl. ¶¶ 2–4.)[4] While MSI has eleven retail stores in the Southern District of New York, neither MCI nor MSPC has a New York office. (*Id.* ¶ 7; Rasmussen MTD MSPC Decl. ¶ 7;[5] Rasmussen Transfer Decl. ¶ 2.[6]) Transferring this case to Texas would eliminate the need for Michaels employees to travel four hours from their present location to New York, but this is relatively similar to the length by which Morling's flights from London would be extended if she had to travel to Texas instead of New York. The convenience-of-the-parties factor does not favor transfer when it would "merely shift the burden of inconvenience from one party to the other." *Promuto v. Waste Mgmt., Inc.*, 44 F. Supp. 2d 628, 638 (S.D.N.Y. 1999) (quoting *Dwyer v. Gen. Motors Corp.*, 853 F. Supp. 690, 693 (S.D.N.Y. 1994)).

### 3. Locus of Operative Facts

"The locus of operative facts is an important factor to be considered in deciding where a case should be tried." *Wilson v. DirectBuy, Inc.*, 821 F. Supp. 2d 510, 518 (D. Conn. 2011) (internal quotation marks omitted). In making this determination, courts look to where "the events from which the claim arises" occurred. *Id.* (internal quotation marks omitted). In a copyright case, the operative facts "usually relate to the design, development and production of an infringing product." *AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 530 (S.D.N.Y. 2004).

---

[4] "Rasmussen MTD MCI Decl." refers to the declaration of Seth Rasmussen, dated December 11, 2023. (Doc. 18, Ex. A.)
[5] "Rasmussen MTD MSPC Decl." refers to the declaration of Seth Rasmussen, dated December 11, 2023. (Doc. 18, Ex. B.)
[6] "Rasmussen Transfer Decl." refers to the declaration of Seth Rasmussen, dated January 26, 2024. (Doc. 36, Ex. A.)

Here, the Northern District of Texas is a locus of operative facts. Although the purportedly infringing sculptures were manufactured in Hong Kong, (Doc. 36 at 7), they were selected and purchased in Texas by Michaels employees, (Rhodes Decl. ¶¶ 2, 5). For this reason, I agree with Michaels that a locus of operative facts in this action is the Northern District of Texas.

Morling argues, correctly, that there may be multiple loci of operative facts. (Doc. 37 at 10.) Copyright infringement is "deemed to take place at the point of consumer purchase." *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992*), aff'd sub nom.*, 71 F.3d 464 (2d Cir. 1995) (internal quotation marks omitted). Michaels "made sales in New York to New York consumers via [its] New York storefronts." (Doc. 37 at 10.) However, "if infringement occurred all over the country or world—*i.e.*, if sales were not uniquely concentrated in any given forum," then "such sales alone do not render a forum the locus of operative facts for a copyright claim." *Tianhai Lace USA Inc. v. Forever 21, Inc.*, No. 16-CV-5950, 2017 WL 4712632, at *5 (S.D.N.Y. Sept. 27, 2017). Even assuming that New York were a locus of operative facts, it would be, at best, one of several, and it would have a more attenuated nexus to the facts of this case than the Northern District of Texas. Therefore, this factor favors transfer.

4. **Availability of Process to Compel Unwilling Witnesses**

Neither party has identified a witness who would be unwilling or unavailable to testify. Accordingly, there is no reason to believe that one court is better situated than the other to compel the testimony of unwilling witnesses. *See JetBlue Airways Corp. v. Helferich Pat. Licensing, LLC*, 960 F. Supp. 2d 383, 400 (E.D.N.Y. 2013). This factor is therefore neutral.

7

### 5. Location of Relevant Documents

"The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents." *Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2007), *aff'd sub nom. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010). Defendant admits that this factor is generally neutral with regard to documents but notes that this case will have three-dimensional sculptures in evidence, which are more difficult to transport. (Doc. 36 at 7–8.) In light of Morling's representation that her sculptures are frequently on display in New York and Defendant's products have been offered for sale in New York, (Doc. 37 at 11–12), the transportation of sculptures to New York, if necessary, is feasible. Therefore, this factor is neutral.

### 6. Relative Means of the Parties

A court should consider the relative financial means of the parties where an apparent disparity exists between them, such as when an individual sues a corporation. *See Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 438 (E.D.N.Y. 2012). "In this case, however, the argument against transfer is mitigated by the fact that [Plaintiff], a resident of [London], would incur some inconvenience and cost whether the trial is held in this district or in [Texas]." *Brzeski v. Pfizer Inc.*, No. 00-CV-4215, 2001 WL 618981, at *3 (S.D.N.Y. June 6, 2001). This factor thus weighs "only slightly against transfer." *Id.*

### 7. Forum's Familiarity with the Governing Law

In copyright cases, this factor is given little to no weight. *See AEC One Stop Grp.*, 326 F. Supp. 2d at 531 ("In this instance, where the issue of federal copyright law is a subject on which both courts are familiar, this factor is neutral.") Accordingly, I give no weight to this factor.

### 8. Plaintiff's Choice of Forum

"In considering a motion to transfer, the plaintiff's choice of forum is generally afforded great weight." *Medien Pat. Verwaltung AG v. Warner Bros. Ent.*, 749 F. Supp. 2d 188, 190 (S.D.N.Y. 2010). Defendant argues that Plaintiff's choice of venue should not be accorded great weight because it is not her home state, and she does not have significant contacts with New York other than her counsel's office. (Doc. 36 at 9–10.) However, this does not overcome the presumption in favor of plaintiff's choice of forum when plaintiff "has articulated several legitimate reasons for selecting the Southern District of New York, including the ease and expense of travel from Europe and the location of its preferred counsel." *Medien Pat. Verwaltung AG v. Warner Bros. Ent., Inc.*, 749 F. Supp. 2d 188, 191 (S.D.N.Y. 2010). Furthermore, when there is "ongoing business activity in the chosen forum, . . . [a] plaintiff's choice of forum is given more deference than it would if the connection to this forum were truly *de minimis*." *Kiss My Face Corp. v. Bunting*, No. 02-CV-2645, 2003 WL 22244587, at *4 (S.D.N.Y. Sept. 30, 2003) (internal quotation marks omitted). As Michaels does business in the Southern District of New York, there is an additional rationale to justify Plaintiff's choice of forum. This factor thus weighs heavily against transfer.

### 9. Trial Efficiency and Interest of Justice

Since the filing of this motion to transfer, Plaintiff commenced another action in the Southern District of New York, bringing related copyright claims against a different defendant. *See UCP Int'l.*, No. 24-CV-4081 (S.D.N.Y. May 28, 2024), ECF No. 1. I accepted Morling's second case as related after determining that the interests of justice and efficiency would be served by having both cases heard by the same judge. *See* Rule 13(a)(1), Rules for the Division

of Business Among District Judges, S.D.N.Y.  Furthermore, motions to dismiss are pending in both the instant case and *UCP International*.

"It is well settled that transfer is appropriate where there is a prior pending lawsuit in the transferee district that involves the same facts, transactions, or occurrences." *Sam v. Selip & Stylianou, LLP*, No. 15-CV-2780, 2015 WL 9462109, at *3 (E.D.N.Y. Dec. 28, 2015) (quoting *Pall Corp. v. PTI Tech., Inc.*, 992 F. Supp. 196, 201 (E.D.N.Y. 1998)) (emphasis omitted). Hearing related actions in the same district "promote[s] judicial economy" and "avoid[s] duplicative litigation." *Id.*  The inverse of this well-settled principle is that transfer is inappropriate where the case seeking transfer out of this district is related to other cases currently pending in this district. *See In re Interior Molded Doors Antitrust Litig.*, No. 18-CV-718, 2019 WL 1062382, at *4 (E.D. Va. Mar. 6, 2019) ("The pendency of a related action in this district counsels against transfer.").  No party has sought transfer in the related *UCP International Co.* case.  I therefore determine that it is in the interest of judicial efficiency to hear both cases arising out of the alleged copyright infringement at issue.  This factor weighs against transfer.

### III. Conclusion

Weighing all the factors, I conclude that Michaels has not made the "clear and convincing" showing required to transfer this case to the Northern District of Texas. Accordingly, Michaels's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.  The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 36.

SO ORDERED.

Dated: February 25, 2025
      New York, New York

                                          Vernon S. Broderick
                                          United States District Judge